Daniel T. Flaherty
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, NY 10019
(212) 765-2100
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

TRUSTEES OF THE IATSE ANNUITY FUND,  :
AND THE IATSE NATIONAL HEALTH        :
AND WELFARE FUND,                    :
                                     :
                    Plaintiffs,      :
                                     :          **COMPLAINT**
        -against-                    :
                                     :
SACRAMENTO THEATRICAL                :
LIGHTING, LTD.,                      :
                                     :
                    Defendant.       :

----------------------------------------------------------------X

Plaintiffs, the Trustees of the IATSE Annuity Fund ("Annuity Fund") and the IATSE

National Health and Welfare Fund ("Health Fund") (collectively referred to as the "Funds"), by

and through their counsel, Spivak Lipton LLP, bring this action against Defendant Sacramento

Theatrical Lighting, Ltd. ("STL" or "Employer") to compel it to submit to a payroll audit of its

books and records with respect to its obligation to contribute to the Funds, and to collect

delinquent contributions owed to the Funds to be determined by the payroll audit, pursuant to

applicable law including the Employee Retirement Income Security Act of 1974, as amended

("ERISA").  Complaining of Defendant, Plaintiffs respectfully show to the Court and allege as

follows:

JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action against Defendant under

Sections 502(a)(3), 502(e)(1), 502(f), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1),

1132(f), and 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2.      Venue lies in the Southern District of New York pursuant to ERISA §

502(e)(2), 29 U.S.C. § 1132(e)(2).

PARTIES

3.      At all relevant times, Plaintiffs, the Trustees of the Funds have

administered and now administer the Funds.

4.      The Annuity Fund and the Health Fund were established pursuant to a

collective bargaining agreement in 1973 and by the Agreements and Declarations of Trust of the

Funds.

5.      The Funds are "employee benefit plans" established under Section

302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and within

the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).

The Health Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of

ERISA, 29 U.S.C. § 1002(1). The Annuity Fund is an "employee pension benefit plan" within

the meaning of Section 3(2) of ERISA, 29 U.S.C. §§ 1002(2). The principal place where the

Funds are administered is 417 Fifth Avenue, 3rd Floor, New York, New York 10016.

6.      The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with the International Alliance of Theatrical Stage Employees Moving Picture Technicians, Artists and Allied Crafts of the United States and Canada ("IATSE") and its affiliated locals, to invest and maintain those monies, and to provide annuity and health benefits to those qualified to receive them.

7.      Upon information and belief, at all times relevant hereto, Defendant STL was and is a corporation duly organized and existing under the laws of the State of California, with its principal place of business at 950 Richards Boulevard, Sacramento, CA 95811.  At all times relevant hereto, Defendant STL has been an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12), and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12), and 1003(a)(1).

## FACTS

8.      Defendant STL employed at all relevant times and still employs various employees represented by IATSE Local 50.

9.      Defendant STL has at all relevant times been party to a Collective Bargaining Agreement ("CBA") with IATSE Local 50.  A copy of the CBA between STL and IATSE Local 50 covering all relevant time periods is attached hereto as Exhibit A.

10.     The CBA between STL and IATSE Local 50 became effective on November 1, 2006 and continues to be effective "thereafter from year-to-year unless a party [thereto] provides to the other party ninety (90) days prior notice of its desire to renegotiate, the terms" of the CBA. (Exhibit A, Article 18).

11.     At no time after November 1, 2006 has either party advised the Funds that the CBA was terminated pursuant to this premise. As such, on information and belief, the CBA has automatically renewed and continues to be in effect.

12.     The CBA between STL and IATSE Local 50 obligates Defendant STL to make annuity contributions to the Annuity Fund in the amount of 15% of wages, and health contributions to the Health Fund in the amount of 7% of wages on behalf of each employee covered by the CBA. (Exhibit A, Article 7(B)(1)).

13.     In the CBA between STL and IATSE Local 50, Defendant STL agreed to be bound to the terms and provisions of the Agreements and Declaration of Trust documents establishing the Annuity Fund and the Health Fund (collectively referred to as the "Trust Agreements"). (Exhibit A, Articles 7(B)(4) and 21). The Agreement and Declaration of Trust for the Annuity Fund is attached hereto as Exhibit B. The Agreement and Declaration of Trust for the Health Fund is attached hereto as Exhibit C.

14.     On November 1, 2006, John W. Cox, President of STL signed Trust Acceptance Documents for both the Annuity Fund and the Health Fund (collectively referred to

4

as the "TADs").  A copy of the Trust Acceptance Document for the Annuity Fund is attached

hereto as Exhibit D. A copy of the Trust Acceptance Document for the Health Fund is attached

hereto as Exhibit E.

        15.     The terms of the TADs automatically extend if "the parties (i) fail to sign

an extension agreement but continue performance under the CBA after its expiration date, or (ii)

sign a renewal, extension or amendment of the CBA that does not change the contribution

rate…" (Exhibit D, Article 6; Exhibit E, Article 6).

        16.     At no time after November 1, 2006 did the parties sign an extension

agreement relating to the CBA or TADs.  In addition, the employer has continued to remit

contributions to the Funds pursuant to the terms of the CBA.  As such, the TADs have remained

and continue to be in effect.

        17.     The TADs also bind Defendant STL to the terms and provisions of the

Trust Agreements. (Exhibit D, Article 1; Exhibit E, Article 1).

        18.     The TADs obligate Defendant STL to make monthly contributions to the

Annuity Fund in the amount of 15% of gross wages and to the Health Fund in the amount of 7%

of gross wages. (Exhibit E, Articles 3 and 9; Exhibit E, Articles 3 and 9).

        19.     The TADs obligate Defendant STL to "maintain and make available to the

Union, the Trustees or one or more of their designees for inspection and verification all of its

records covering such employment in accordance with" the Trust Agreements and the Funds'
collection guidelines. (Exhibit D, Article 4; Exhibit E, Article 4).

20.     The Trust Agreements obligate each employer to contribute to the
respective Fund on behalf of all covered employees, at the rate and amount determined in the
applicable collective bargaining agreement or participation agreement. (Exhibit B, Article 9.1;
Exhibit C, Article 9.1).

21.     The Trust Agreements provide the Funds with the right to designate a
representative to "conduct ... periodic examinations and audits of, the Employer's accounts,
books and records ... to confirm that the Employer has fully satisfied its obligations to contribute
to the Fund..." (Exhibit B, Article 9.8(c); Exhibit C, Article 9.8(c)).

22.     The Trust Agreements entitle an employer to thirty (30) days' advance
written notice of any audit. (Exhibit B, Article 9.8(f); Exhibit C, Article 9.8(f)).

23.     The Trust Agreements provide that the Funds may recover reasonable
costs and attorneys' fees incurred, should the Funds be required to bring a legal action against an
employer to obtain an audit of an employer's records. (Exhibit B, Article 9.8(g); Exhibit C,
Article 9.8(g)).

24.    The Trust Agreements provide that should the Funds bring and prevail in an action against an employer to obtain an audit of the employer's records, the employer shall be obligated to pay the full cost of such audit. (Exhibit B, Article 9.8(g); Exhibit C, Article 9.8(g)).

25.    The Trustees have adopted guidelines governing the collection of contributions owed to the Funds and the conduct of audits of employers with respect to their obligation to contribute to the Funds (collectively referred to as the "Collection Guidelines"), which have been amended from time to time. A copy of the collection guidelines for the Annuity Fund is attached hereto as Exhibit F.  A copy of the collection guidelines for the Health Fund is attached hereto as Exhibit G.

26.    The Collection Guidelines authorize the Funds to conduct audits of the books and records of participating employers in order to determine whether all contributions required under relevant collective bargaining agreements, other agreements and applicable laws have been reported and made. (Exhibit F, Article 10; Exhibit G, Article 10).

**Payroll Audit**

27.    By correspondence from the Funds' Audit and Collections Department dated February 29, 2016, the Funds requested that Defendant STL cooperate with a payroll audit of its books and records for the period January 1, 2014 through December 31, 2015, pursuant to the terms of the Trust Agreements and the TADs. This correspondence is attached hereto as Exhibit H.

28.     On various occasions between March 3, 2016 and August 18, 2016, the Funds' representative and payroll auditor, Schultheis & Panettieri LLP ("S&P"), attempted to schedule an appointment with Defendant STL to perform a payroll audit for the period January 1, 2014 through December 31, 2015, or to receive confirmation from Defendant STL that it would make available all records required in order for S&P to conduct a payroll audit for that period.

29.     By correspondence from S&P dated August 22, 2016, S&P demanded that Defendant STL cooperate with a payroll audit for the period January 1, 2014 through December 31, 2015. This correspondence is attached hereto as Exhibit I.

30.     By correspondence from the Funds' counsel dated September 19, 2016, the Funds' counsel demanded that Defendant STL schedule a payroll audit with S&P, or provide confirmation to S&P that it would make available all records required in order for S&P to conduct a payroll audit for the period January 1, 2014 through December 31, 2015.  This correspondence is attached hereto as Exhibit J.

31.     To date, Defendant STL has not responded to any of Plaintiff's requests to schedule a payroll audit for the period January 1, 2014 through December 31, 2015.

32.     Defendant STL's failure to submit to a payroll audit of its books and records by the Funds is a violation of the CBA, the Trust Agreements, the TADs, the Collection Guidelines, and ERISA.  Plaintiffs seek enforcement of their rights under Section 502(a)(3)(B)(i) and (ii) of ERISA, 29 U.S.C. § 1132(a)(3)(B)(i) and (ii).

**Delinquent Contributions**

33.     To the extent that the payroll audit determines that the employer owes

contributions to the Funds, Plaintiffs seek enforcement of the provisions of the CBA, Trust

Agreements, and TADs pertaining to delinquent contributions pursuant to Sections 502(a)(3) and

515 of ERISA, as amended by the Multiemployer Pension Amendments Act of 1980, 29 U.S.C.

§§ 1132(a)(3) and 1145, and under principles of contract law.


34.     As a result of the above described breaches of agreements and law,

Plaintiffs may be required to either (a) deny employees for whom contributions have not been

made the benefits provided under the benefit plan, thereby causing such employees substantial

and irreparable harm, or (b) provide to employees the benefits offered under the benefit plans,

notwithstanding Defendant's failure to make the required contributions, thereby reducing the

corpus of such Funds and endangering the rights of the employees thereunder on whose behalf

contributions are being made, all to their substantial and irreparable injury.


35.     Plaintiffs are without adequate remedy at law and will suffer immediate,

continuing and irreparable injury and damage unless Defendant is ordered to specifically perform

its obligations required under the CBA, the Trust Agreements, the TADs, the Collection

Guidelines, ERISA, and/or other applicable law, and is restrained from continuing to refuse to

perform as thereunder required.

## STATEMENT OF FIRST CLAIM

36.     Plaintiffs repeat and reallege all the allegations in Paragraphs 1 through 35 inclusive.

37.     By reason of the foregoing, Defendant STL is required to submit to a payroll audit of its books and records with respect to contributions made and owed to the Funds for the period January 1, 2014 through December 31, 2015, and is liable for amounts:

        (a)    Necessary to reimburse the Funds for their costs in performing such an audit;

        (b)    Attorneys' fees; and

        (c)    Costs of this action.

## STATEMENT OF SECOND CLAIM

38.     Plaintiffs repeat and reallege all the allegations in Paragraphs 1 through 35 inclusive.

39.     By reason of the foregoing, Defendant STL is liable to the Funds for any unpaid contributions for work performed during the period January 1, 2014 through December 31, 2015 determined to be owing in the payroll audit pursuant to ERISA for the following amounts:

        (a)    To be determined by the payroll audit for the period January 1, 2014 through December 31, 2015;

        (b)    Interest on the unpaid contributions;

(c)     Attorneys' fees;

(d)     Liquidated damages; and

(e)     Costs of this action.


## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request entry of a Judgment in favor of Plaintiffs against Defendant STL:

(a)     Requiring Defendant STL to submit to an audit of its books and records for all work performed during the period January 1, 2014 through December 31, 2015 and to reimburse Plaintiffs' costs in performing such an audit;

(b)     For unpaid contributions to be determined by payroll audit of Defendant STL for work performed during the period January 1, 2014 through December 31, 2015;

(c)     For interest on all said unpaid contributions;

(d)     For liquidated damages;

(e)     That Plaintiffs be awarded their costs, including reasonable attorneys' fees, incurred in the prosecution of this action as provided in the Trust Agreements, as amended, and under the applicable provisions of ERISA, as amended;

(f)     For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        October 18, 2016

                                        SPIVAK LIPTON LLP
                                        1700 Broadway, Suite 2100
                                        New York, New York 10019
                                        Attorneys for Plaintiffs

                        By:

                                        Daniel T. Flaherty
                                        Phone: 212-765-2100
                                        Facsimile: 212-765-8954
                                        Email: dflaherty@spivaklipton.com